```
        IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                FAYETTEVILLE DIVISION
```

UNITED STATES OF AMERICA                                    PLAINTIFF

v. Criminal No. 03-50010

ANTHONY L. TURNER                                           DEFENDANT

**O R D E R**

Now on this 30th day of January 2008, in the above-referenced matter, comes on for this Court's consideration Defendant's **Motion for Reduction of Sentence** (document #38) and the Government's response thereto (document #39). The Court, being well and sufficiently advised, finds and orders as follows:

1.  On December 26, 2007, Defendant Anthony Turner ("Defendant") filed a motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment – Amendment 706 (effective November 1, 2007) – to Section 2D1.1 of the United States Sentencing Guidelines (the "Sentencing Guidelines"), which lowered the base offense levels applicable to crack cocaine offenses.[1]

In its response to Defendant's motion, the Government asserts that the sentencing amendment cited by Defendant is

---

[1] Note that, pursuant to an amendment to Section 1B1.10 of the Sentencing Guidelines, which will take effect on March 3, 2008, the reduction in penalties for crack cocaine offenses will be given retroactive effect.

1

inapplicable to his case, as Defendant's sentence did not rest on Section 2D1.1 of the Sentencing Guidelines.

    2.  Under the version of Section 2D1.1 in effect at the time of sentencing, Defendant's base offense level for his crack cocaine offense was 23.  Pursuant to Amendment 706, this base offense level would be reduced to 21.  However, because Defendant was a career offender his base offense level was increased under Section 4B1.1 of the Sentencing Guidelines – not Section 2D1.1.  Pursuant to Section 1B1.10 of the Sentencing Guidelines, this Court may substitute "only the amendments listed in subsection (c) [which includes Amendment 706 related to crack cocaine offenses] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1) (effective March 3, 2008). Accordingly, the Court finds that the enhancement of Defendant's sentence is unaffected by the recent amendment to Section 2D1.1 of the Sentencing Guidelines and, as a result, Defendant's sentence should not be reduced.

    **IT IS, THEREFORE, ORDERED** that Defendant's **Motion for Reduction of Sentence** (document #38) should be, and it hereby is, **DENIED.**

    **IT IS SO ORDERED.**

                                        **/S/JIMM LARRY HENDREN**
                                        **JIMM LARRY HENDREN**
                                        **UNITED STATES DISTRICT JUDGE**